IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SILVER STAR PROPERTIES REIT, INC., a Maryland corporation, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No.:  1:23-cv-02720-BAH |
| vs. | * | |
| HARTMAN vREIT XXI, INC. *et al.*, | * | |
| | * | |
| Defendants. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS' ANSWER TO COMPLAINT FOR
INJUNCTIVE AND OTHER RELIEF**

Hartman vREIT XXI, Inc., Allen R. Hartman ("Mr. Hartman"), and Lisa Hartman (collectively "Defendants", hereby submit this Answer and Affirmative Defenses to the Complaint for Injunctive and Other Relief filed by Silver Star Properties REIT, Inc. ("Plaintiff" or "Silver Star").

**PARTIES AND JURISDICTION**

1. Defendants admit the allegations in paragraph 1.

2. Defendants admit the allegations in paragraph 2.

3. Defendants admit the allegations in paragraph 3, except that Mr. Hartman is being excluded from participating in the affairs of Silver Star.

4. Defendants deny that Mr. Hartman is the beneficial owner of shares held under Lisa Hartman's name or that Mr. Hartman's alleged conduct was as the beneficial owner of and attributed to Lisa Hartman. Defendants admit the remaining allegations in paragraph 4.

5. Paragraph 5 contains legal conclusions as to which no response is required. Further answering, there is federal subject matter jurisdiction because the Complaint purports to raise a federal question.

6. Defendants admit there is personal jurisdiction over Hartman vREIT XXI. Defendants deny there is personal jurisdiction over Mr. Hartman or Lisa Hartman. Further answering, the claims against Mr. Hartman do not arise out of his position as a director of Silver Star and therefore the director consent statute does not apply. Defendants deny the remaining allegations in paragraph 6.

7. Defendants deny the allegations in paragraph 7.

8. Defendants admit Mr. Hartman was removed as a member of Silver Star's executive committee. Defendants deny the remaining allegations in paragraph 8. Further answering, a 13D has been filed by Mr. Hartman mooting any claims for violation of Section 13(d) of the Exchange Act.

9. Defendants deny the allegations in paragraph 9, including that Mr. Hartman solicited proxies or that Mr. Hartman made false and misleading statements to stockholders. Further answering, a 13D has been filed by Mr. Hartman mooting any claims for violation of Section 13(d) of the Exchange Act.

10. Defendants admit the plaintiff seeks the relief set forth, but denies there is any ground for providing the relief. Further answering, the bylaws of Silver Star and Maryland law require an annual meeting. The Executive committee of Silver Star purports to be soliciting stockholder consents pursuant a recently enacted bylaw which Mr. Hartman contends is illegal and not enforceable, and was passed in response to Mr. Hartman's filing of a lawsuit pending in the Circuit Court for Baltimore City seeking an annual meeting of Silver Star. Silver Star has also refused to provide Mr. Hartman with a stockholder list to which he entitled under Maryland law. By these actions, Silver Star's Executive committee is improperly seeking to entrench themselves by excluding Mr. Hartman from having the ability to solicit stockholders while they proceed to

circumvent having an annual meeting where there could be an election of directors. Mr. Hartman has challenged these actions in the action pending in the Circuit Court for Baltimore City.

11. Defendants admit the allegations in the second sentence of paragraph 11. Defendants admit that the first and third sentences are accurate, but denies they are in the best interest of the stockholders of Silver Star.

12. Defendants admit the allegations in paragraph 12.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. Defendants admit the allegations in paragraph 14.

15. Defendants admit the allegations in paragraph 15.

16. Defendants admit the allegations in the first sentence of paragraph 16. Defendants deny the remaining allegations in paragraph 16.

17. Defendants admit that Mr. Hartman is still in name a director of Silver Star. The remainder of paragraph 17 contains legal conclusions which Mr. Hartman denies.

18. Defendants admit the allegations in paragraph 18.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20. Defendants admit the allegations in paragraph 20, but deny that the Valuation Report reached the correct NAV. obtained was the correct way to determine the NAV value. .

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21. Further answering, Defendants deny that the Valuation Report reached the correct NAV.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22. Further answering, Defendants deny that the Valuation Report reached the correct NAV.

23. In response to paragraph 23, Defendants admit the Valuation Report reached that value, but deny that the Valuation Report reached the correct NAV.

24. Defendants admit the allegations in paragraph 24 and therefore stockholders knew what value Silver Star's executive committee placed on the stock of Silver Star.

25. Defendants admit the allegations in paragraph 25.

26. Defendants admit the allegations in paragraph 26.

27. Defendants admit the allegations in paragraph 27.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31. Defendants deny the allegations in paragraph 31. Further answering, the bylaws of Silver Star and Maryland law require an annual meeting. The Executive committee of Silver Star purports to be soliciting stockholder consents pursuant a recently enacted bylaw which Mr. Hartman contends is illegal and not enforceable, and was passed in response to his filing of a pending lawsuit in the Circuit Court for Baltimore City seeking an annual meeting of Silver Star. Silver Star has also refused to provide Mr. Hartman with a stockholder list to which he entitled under Maryland law. By these actions, Silver Star's Executive committee is improperly seeking to entrench themselves by excluding Mr. Hartman from having the ability to solicit stockholders

while they proceed to circumvent having an annual meeting where there could be an election of directors.   Mr. Hartman has challenged these actions in a lawsuit pending in the Circuit Court for Baltimore City.

32. Defendants admit the first sentence in paragraph 32. Defendants are without knowledge or information sufficient to form a belief as to the allegations in the second sentence of paragraph 32. Further answering, the bylaws of Silver Star and Maryland law require an annual meeting.  The Executive committee of Silver Star purports to be soliciting stockholder consents pursuant a recently enacted bylaw which Mr. Hartman contends is illegal and not enforceable, and was passed in response to his filing of a lawsuit pending in the Circuit Court for Baltimore City seeking an annual meeting of Silver Star.  Silver Star has also refused to provide Mr. Hartman with a stockholder list to which he entitled under Maryland law. By these actions, Silver Star's Executive committee is improperly seeking to entrench themselves by excluding Mr. Hartman from having the ability to solicit stockholders while they proceed to circumvent having an annual meeting where there could be an election of directors.   Mr. Hartman has challenged these actions in a lawsuit pending in the Circuit Court for Baltimore City.

33. Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 33.

34. In response to paragraph 34, Defendants admit that Mr. Hartman has filed a lawsuit in the Circuit court for Baltimore City.  Further answering, the bylaws of Silver Star and Maryland law require an annual meeting.  The Executive committee of Silver Star purports to be soliciting stockholder consents pursuant a recently enacted bylaw which Mr. Hartman contends is illegal and not enforceable, and was passed in response to Mr. Hartman's filing of a lawsuit pending in the Circuit Court for Baltimore City seeking an annual meeting of Silver Star.  Silver Star has also refused to provide Mr. Hartman with a stockholder list to which he is entitled under Maryland law.

By these actions, Silver Star's Executive committee is improperly seeking to entrench themselves by excluding Mr. Hartman from having the ability to solicit stockholders while they proceed to circumvent having an annual meeting where there could be an election of directors. Mr. Hartman has challenged these actions in a lawsuit pending in the Circuit Court for Baltimore City.

35. Defendants admit the allegations in paragraph 35.

36. In response to paragraph 36, defendants deny that Mr. Hartman is seeking proxies from Silver Star's stockholders. Defendants are without knowledge or information sufficient to form a belief as to how Silver Star assesses its chances of prevailing in the Baltimore City lawsuit.

37. Defendants admit Mr. Hartman is preparing for and hopes to pursue a proxy contest at Silver Star's annual meeting. Mr. Hartman denies the remaining allegations in paragraph 37.

38. Defendants deny the allegations in paragraph 38. Further answering, Defendants admit Mr. Hartman has made preliminary inquiries as to whether certain persons would be interested in serving as directors.

39. Defendants admit the e-mail quoted from in paragraph 39 was sent, but denies that it is accurate. Further answering, the e-mail was sent in an attempt to seek leverage in ongoing settlement discussions.

40. Paragraph 40 contains a legal conclusion as to which no response is required. Further answering, Defendants admit the e-mail was sent on behalf of Mr. Hartman.

41. Defendants deny the allegations in paragraph 41.

42. Defendants deny the allegations in paragraph 42. Further answering, Silver Star's SEC filing stated the performance units were convertible into Silver Star's common stock on a 1:1 ratio, which make the units worth over $19,000,000 based on the NAV used by Silver Star.

43. Defendants deny the allegations in paragraph 43, including that such statements were made.

44. In response to paragraph 44, Defendants admit a meeting was held on Jun 22, 2023. Defendants deny the remaining allegations in paragraph 44.

45. Defendants deny the allegations in paragraph 45.

46. Defendants deny the allegations in paragraph 46.

47. Defendants deny the allegations in paragraph 47.

48. Defendants admit the allegations in paragraph 48. Further answering, Silver Star's SEC filing stated the performance units were convertible into Silver Star's common stock on a 1:1 ratio, which make the units worth over $19,000,000 based on the NAV used by Silver Star. [Is this the right filing?]

49. Defendants deny that Mr. Hartman has or is continuing to communicate false information to Silver Star's stockholders.

50. Defendants deny the allegations in paragraph 50. Further answering, Defendants deny that Mr. Hartman has or is continuing to communicate false information to Silver Star's stockholders.

51. Paragraph 51 states a legal conclusion as to which no response is required.

52. Paragraph 52 states a legal conclusion as to which no response is required.

53. Paragraph 53 states a legal conclusion as to which no response is required.

54. Defendants deny the allegations in paragraph 54.

55. Defendants deny the allegations in paragraph 55.

56. Defendants deny the allegations in paragraph 56. Further answering, a 13D has been filed.

57. Defendants incorporate their responses to paragraphs 1 – 56 as though fully set forth herein.

58. Defendants deny the allegations in paragraph 58.

59. In response to paragraph 59, defendants admit that Mr. Hartman has filed a 13D.

60. Defendants admit the allegations in paragraph 60.

61. Defendants deny the allegations in paragraph 61.

62. Defendants deny the allegations in paragraph 62.

63. Defendants deny the allegations in paragraphs 63.

64. Defendants deny the allegations in paragraphs 64, including that Mr. Hartman is the beneficial owner of stock held by Silver Star's top 10 stockholders.

65. Defendants deny the allegations in paragraphs 65.

66. Defendants deny the allegations in paragraphs 66, including that Mr. Hartman is the beneficial owner of stock held by Silver Star's top 10 stockholders.

67. Defendants deny the allegations in paragraphs 67.

68. Defendants deny the allegations in paragraphs 68.

69. Defendants deny the allegations in paragraph 69.

70. Defendants deny the allegations in paragraph 70.

71. Defendants admit plaintiff seeks the relief set out in paragraph 71, but deny that plaintiff is entitled to such relief.

72. Defendants incorporate their responses to paragraphs 1 – 71 as though fully set forth herein.

73. Defendants deny the allegations in paragraph 73, including that the statements were made.

74. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 74.  Defendants admit that a lawsuit has been filed in Baltimore City seeking among other relief an annual meeting of Silver Star's stockholders.

75. In response to paragraph 75, Defendants aver there is no evidence that Mr. Hartman will provide false and misleading information to Silver Star's stockholders, so the allegations are denied.

76. In response to paragraph 76, Defendants aver there is no evidence that Mr. Hartman will provide false and misleading information to Silver Star's stockholders, so the allegations are denied.

77. In response to paragraph 77, Defendants aver there is no evidence that Mr. Hartman will provide false and misleading information to Silver Star's stockholders, so the allegations are denied.

78. In response to paragraph 78, Defendants deny there is any harm for which Silver Star requires relief, and therefore the allegations are denied.

79. Defendants deny the allegations in paragraph 79.

80. Defendants deny the allegations in paragraph 80.

81. Defendants admit plaintiff seeks the relief set out in paragraph 81, but deny that plaintiff is entitled to such relief.

82. Defendants incorporate their responses to paragraphs 1 – 81 as though fully set forth herein.

83. In response to paragraph 83, Defendants aver there is no evidence that Mr. Hartman will provide false and misleading information to Silver Star's stockholders, so the allegations are denied.

84. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 84. Defendants admit that a lawsuit has been filed in Baltimore City seeking among other relief an annual meeting of Silver Star's stockholders.

85. In response to paragraph 85, Defendants aver there is no evidence that Mr. Hartman will provide false and misleading information to Silver Star's stockholders, so the allegations are denied.

86. In response to paragraph 86, Defendants aver there is no evidence that Mr. Hartman will provide false and misleading information to Silver Star's stockholders, so the allegations are denied.

87. In response to paragraph 87, Defendants aver there is no evidence that Mr. Hartman will provide false and misleading information to Silver Star's stockholders, so the allegations are denied.

88. In response to paragraph 88, Defendants deny there is any harm for which Silver Star requires relief, and therefore the allegations are denied.

89. Defendants deny the allegations in paragraph 89.

90. Defendants deny the allegations in paragraph 90.

91. Defendants admit plaintiff seeks the relief set out in paragraph 91, but deny that plaintiff is entitled to such relief.

92. Defendants incorporate their responses to paragraphs 1 – 91 as though fully set forth herein.

93. Paragraph 93 contains conclusions of law as to which no response is required. Further answering, the matters alleged in the complaint do not implicate Mr. Hartman's duties as a director.

94. Defendants deny the allegations in paragraph 94, including the allegation that false and misleading statements were made to Silver Star's stockholders.

95. Defendants deny the allegations in paragraph 95.

96. Defendants admit plaintiff seeks the relief set out in paragraph 96, but deny that plaintiff is entitled to such relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over Mr. Hartman and Lisa Hartman.

### SECOND AFFIRMATIVE DEFENSE

The request for equitable relief is barred by plaintiff's unclean hands or other equitable doctrines based on plaintiff purporting to adopt a bylaw that would deprive the stockholders of their right to an annual meeting in violation of Maryland law and would allow plaintiff the sole right to communicate with Silver Star's stockholders, thereby entrenching themselves.

### THIRD AFFIRMATIVE DEFENSE

Venue is improper.

WHEREFORE, Defendants Hartman vREIT XXI, Inc., Allen R. Hartman, and Lisa Hartman request that judgment be entered in their favor and further demand that this Court award any such further relief as the nature of the cause may require.

*/s/ Jerrold A. Thrope*
Jerrold A. Thrope (Bar No. 01376)
Gordon Feinblatt LLC
1001 Fleet Street, Suite 700
Baltimore, Maryland 21202
(410) 576-4295 (Phone/Fax)
jthrope@gfrlaw.com

**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of November, 2023, the foregoing was served via this Court's ECF system upon all counsel of record.

*/s/ Jerrold A. Thrope*
Jerrold A. Thrope